DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/4/07

RECEIVED
AUG 14 2007
HAROLD BAER
U.S. DISTRICT JUDGE
S.D. N.Y.

Jeffrey S. Dubin (JD-0446)
Attorney for Plaintiffs
464 New York Avenue
Suite 100
Huntington, New York 11743
631.351.0300
631.351.1900 FAX
DubinJS@cs.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
SHEET METAL WORKERS' NATIONAL
PENSION FUND; NATIONAL ENERGY
MANAGEMENT INSTITUTE COMMITTEE
FOR THE SHEET METAL AND AIR
CONDITIONING INDUSTRY; SHEET METAL
OCCUPATIONAL HEALTH INSTITUTE
TRUST; INTERNATIONAL TRAINING
INSTITUTE FOR THE SHEET METAL AND
AIR CONDITIONING INDUSTRY; and
NATIONAL STABILIZATION AGREEMENT
OF THE SHEET METAL INDUSTRY FUND,

                Plaintiffs,

            -against-

PRECISION TESTING & BALANCING, INC.,
and FRED BROMBERG, as an individual, and
LOUIS BROMBERG, as an individual,

                Defendants.
----------------------------------------------------------x

CIVIL ACTION NO.
07 CV 03530 (HB/DCF)
ECF CASE

SETTLEMENT STIPULATION
AND ORDER

    IT IS HEREBY STIPULATED AND AGREED, by and between the attorney for the

plaintiffs and the attorney for the defendants, all the parties to the above entitled action, that whereas no party hereto is an infant or incompetent person for whom a committee has been appointed and no person not a party has an interest in the subject matter of the action, the above entitled action is settled upon the following terms and conditions:

1.  Defendant Precision Testing & Balancing, Inc., agrees that it owes to plaintiffs contributions of: $79,587.45 to the Sheet Metal Workers' National Pension Fund; $334.80 to the National Energy Management Institute Committee for the Sheet Metal and Air Conditioning Industry; $223.21 to the Sheet Metal Occupational Health Institute Trust; $1,339.32 to the International Training Institute for the Sheet Metal and Air Conditioning Industry; and $28,515.22 to the National Stabilization Agreement Of the Sheet Metal Industry Fund, said contributions amount to $110,000.00.

2.  Defendant Precision Testing & Balancing, Inc., agrees that it owes to plaintiffs late fees of: $4,558.11 to the Sheet Metal Workers' National Pension Fund; $24.89 to the National Energy Management Institute Committee for the Sheet Metal and Air Conditioning Industry; $17.50 to the Sheet Metal Occupational Health Institute Trust; $84.27 to the International Training Institute for the Sheet Metal and Air Conditioning Industry; and $0.00 to the National Stabilization Agreement Of the Sheet Metal Industry Fund, said liquidated damage amounts to $4,684.77. Provided that defendants are not in default under

this agreement, the late fees shall be held in abeyance, provided further that if the defendants, or any of them, fail to make timely contributions to the plaintiffs, or any of them, and if the plaintiffs, or any of them are required to bring a legal action against the defendants, or any of them, regarding such contributions, then the plaintiffs, or any of them, shall assert a claim for said late fees in that action.

3. Defendant Precision Testing & Balancing, Inc., shall pay the sum on or before August 3, 2007. Payment shall be made by good check, payable to Jeffrey S. Dubin, as attorney, and sent to Jeffrey S. Dubin, Esq., 464 New York Avenue, Suite 100, Huntington, New York 11743.

4. Default by defendants is defined as the failure to make any required payment in full on its due date. Default is further defined as the dishonor of any check tendered as payment hereunder.

5. Upon default by defendant Precision Testing & Balancing, Inc., defendant Precision Testing & Balancing, Inc., consents to the entry of a judgment against it, jointly and severally, without further notice, in the amount of $159,850.72, plus interest of 8.5% per annum, and attorney's fees and costs, all as provided for by the Employee Retirement Income Security Act (ERISA), 29 U.S.C., § 1001, *et. seq.*, from the date the payment was due, less any amounts paid hereunder, in the United States District Court for the Eastern District of

New York.

6. Plaintiffs agree that upon payment in full hereunder, plaintiffs' attorney shall forthwith prepare a Release of defendants, and file a discontinuance of this action with the Court.

7. Either party may, without notice, submit this Agreement to the Court to be "so ordered."

8. The parties agree that the defendants have entered into this Stipulation for the purpose of resolving plaintiffs' claims without protracted litigation. The parties further agree that this Stipulation is made without prejudice to the parties' rights and defenses in any other matters or disputes between the parties, or between either of the parties and any third parties.

9. This Stipulation covers contributions due for the period of March 1, 2000 through May 31, 2007 for the National Stabilization Agreement Of the Sheet Metal Industry Fund, and for the period of October 1, 2003 through May 31, 2007 for the other plaintiffs. The parties agree that if at any time in the future, an audit of the payroll records of the defendants reveal that additional amounts of contributions than are provided for by this Settlement Stipulation, were due for the time period covered by this Settlement Stipulation, the plaintiffs may seek to collect said additional contributions and may file suit to recover same.

10. The parties agree that if at any time in the future, an audit of the payroll records of the defendants reveal that lesser amounts of contributions than are provided for by this Settlement Stipulation, were due for the time period covered by this Settlement Stipulation, the defendants may seek to collect said overpayments and may file suit to recover the same.

11. The parties agree that if at any time in the future, the defendants report to the plaintiffs additional hours of covered employment that occurred during the time period covered by this Settlement Stipulation, the plaintiffs may seek to collect the contributions that are due for such additional hours, plus any interest, penalties and attorney's fees and may file suit to recover the same.

*The clerk is instructed to close this case & remove from my docket*

Dated:   Huntington, New York
         July 23, 2007

_____          _____
HOWARD M. KATZ                       JEFFREY S. DUBIN (JD-0446)
Attorney for Defendant               Attorney for Plaintiffs
Suite 1203                           Suite 100
225 Broadway                         464 New York Avenue
New York, New York 10007             Huntington, New York 11743
212.732.3435                         631.351.0300
212.233.0818 FAX                     631.351.1900 FAX
                                     DubinJS@cs.com

SO ORDERED:
Harold Baer, Jr. U.S.D.J.
9/3/07

Page Number -5-